UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER LOPEZ,<br><br>　　　　Petitioner,<br>　　v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　Respondents. | Case No. 2:18-cv-00480-JCM-NJK<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254, filed by a Nevada state prisoner, comes before the court on respondents' motion to dismiss. (ECF No. 13). Petitioner has opposed (ECF No. 18), and respondents have replied (ECF No. 20). In addition, petitioner has filed a motion for evidentiary hearing (ECF No. 19), which respondents oppose (ECF No. 21).

Petitioner Alexander Lopez ("petitioner") initiated this action on March 7, 2018, with the filing of a federal habeas petition challenging his 2013 state court conviction for conspiracy to commit robbery and robbery with use of a deadly weapon. (ECF No. 1 at 1; Ex. 42).[1] In April 2018, the state court granted the petitioner's pending motion to correct sentence, struck his deadly weapon enhancement, and entered an amended judgment of conviction. (Exs. 118 & 119). Respondents now move to dismiss the petition as moot as it challenges the petitioner's original conviction and not the 2018 amended judgment of conviction, which is the judgment pursuant to which petitioner is currently being held. In the alternative, respondents argue the petition is partially unexhausted and non-cognizable.

---

[1] The exhibits cited in this order, comprising the relevant state court record, can be located on the court's docket at ECF Nos. 14-17.

1

## I. Mootness

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)) (internal punctuation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.*

The claims in the instant petition attacking the original judgment of conviction arise from petitioner's trial proceedings and associated appeals. Most, if not all, of these claims are as applicable to the amended judgment of conviction as they were to the original judgment of conviction, despite the fact that petitioner obtained some limited relief by way of the amended judgment of conviction. Where petitioner's claims remain viable following entry of the amended judgment of conviction, it cannot be said that no effectual relief can be granted. The petition is not therefore moot.

## II. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Petitioner filed a *pro se* state habeas petition on May 26, 2015. (Ex. 78). Counsel was appointed and then filed a supplement to the petition. (*See* Ex. 90). The trial court denied the petition in a written order dated January 31, 2017. (Ex. 95). Petitioner appealed to the Nevada Supreme Court on February 24, 2017, and the appeal was transferred to the Nevada Court of Appeals on September 27, 2017. (Exs. 97 & 110). On January 9, 2018, the Nevada Court of Appeals issued an order affirming the trial court's decision.[2] (Ex. 111).

Respondents argue that Ground 1(b), in part, Ground 3, in part, and Ground 4 are unexhausted. Specifically, respondents assert that although all of the allegedly unexhausted claims were raised in petitioner's *pro se* state petition, which was decided by the trial court, (Exs. 78, 90 & 95), none was raised on appeal to the Nevada Court of Appeals. It is true that the subject claims were not raised in the postconviction appeal; there, petitioner argued only that the trial court erred in denying, without an evidentiary hearing, his claim that counsel was ineffective for failing to convey a plea offer to him. (Exs. 105 & 106). However, the Nevada Court of Appeals nonetheless ruled on the merits of all the claims in the petition when it held:

> Next, Lopez argues the district court erred in denying the petition without conducting an evidentiary hearing. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific allegations not belied by the record, and if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). The district court concluded Lopez' claims failed to meet that standard and the record before this court reveals the district court's conclusion in this regard was proper.

(Ex. 111 at 3). The Nevada Court of Appeals indicated that it reviewed the record and agreed with the district court's conclusion that an evidentiary hearing was not warranted on any of the claims in the petition. Such a holding required finding, as to each claim, that the claim either lacked sufficient specificity, was belied by the record, or otherwise did not entitle the petitioner to relief. In short, it required an assessment of the merits of the petitioner's claims. Having made an

---

[2] A decision by the Nevada Court of Appeals, following transfer from the Nevada Supreme Court, is sufficient to exhaust postconviction claims for relief. Nev. R. App. P. 40B(b) ("In all appeals from criminal convictions or post-conviction relief matters, a party shall not be required to petition for review of an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals and relief has been denied, the party shall be deemed to have exhausted all available state remedies.") Petitioner was not therefore required to further pursue his appeal following the Nevada Court of Appeals' decision.

3

assessment as to the merits of each of the claims in the petitioner's state petition, including those that were not raised by petitioner on appeal, the Nevada Court of Appeals actually decided all of the claims in the state petition, rendering all such claims exhausted. *Cf. Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008) (finding Nevada Supreme Court had ruled on the merits of a petition for discretionary review when it stated that it had reviewed the petition and all documents on file and determined no relief was warranted). The motion to dismiss the petition as partially unexhausted will therefore be denied.

### III.     Non-Cognizable Claims

Finally, respondents argue that Ground 3 does not assert a cognizable claim to the extent it asserts appellate counsel was ineffective for errors that occurred during petitioner's pretrial and trial proceedings.  The court agrees.  Ground 3 asserts claims against both trial counsel and appellate counsel.  Because appellate counsel did not represent petitioner during pretrial and trial proceedings, petitioner cannot assert any viable claim that appellate counsel was ineffective for actions improperly taken, or that should have been taken, during those times.  Thus, any claims asserting appellate counsel was ineffective for taking or failing to take action during pretrial and trial proceedings will be dismissed. However, at least some of the claims contained within Ground 3 may be fairly liberally construed to allege actions that appellate counsel should have taken with respect to petitioner's appeal. To that extent, the ineffective assistance of appellate counsel claims asserted in Ground 3 are at least cognizable and will not be dismissed.  The court discusses each sub-part of Ground 3 in turn.

Ground 3(a) asserts that trial and appellate counsel failed to meet and confer with petitioner through the entire preliminary process.  (ECF No. 1 at 19-20).  As this claim relates only to the pretrial process and contains no other allegations that may be liberally construed to assert ineffective assistance of appellate counsel, Ground 3(a) is dismissed, in part, to the extent it alleges ineffective assistance of appellate counsel.

Ground 3(b) asserts that trial and appellate counsel failed to investigate, file any pretrial motions, familiarize himself with discovery, and "effect sound strategy." (*Id.* at 20-22). These

4

allegations each pertain to pretrial and trial proceedings, and so Ground 3(b) will be dismissed to the extent it asserts that appellate counsel should have filed pretrial motions, investigated, effected a sound strategy or familiarize himself with discovery.[3] However, Ground 3(b) may be fairly construed to assert a claim that appellate counsel was ineffective for failing to challenge petitioner's convictions under a sufficiency of the evidence theory and on double jeopardy grounds. (*See id.* at 21). To this extent, Ground 3(b) states a cognizable claim of ineffective assistance of appellate counsel.

Ground 3(c) asserts only that trial counsel was ineffective for failing to challenge petitioner's photo line-up identification. (ECF No. 1 at 22-24). It does not explicitly allege ineffective assistance of appellate counsel and cannot, in the court's view, be fairly read to assert any claim of ineffective assistance of appellate counsel. Thus, Ground 3(c) is dismissed as to any claim of ineffective assistance of appellate counsel.

Liberally construed, Ground 3(d) contains a cognizable claim that appellate counsel was ineffective for failing to challenge on appeal admission of the evidence relating to his accusers. (ECF No. 1 at 25-26). In all other respects, Ground 3(d) fails to state any cognizable claim of ineffective assistance of appellate counsel and will be dismissed.

Liberally construed, Ground 3(e) contains a cognizable claim that appellate counsel was ineffective for failing to challenge the admission or omission of jury instructions on appeal.[4] (ECF No. 1 at 26). In all other respects, Ground 3(e) fails to state any cognizable claim of ineffective assistance of appellate counsel and will be dismissed.

Ground 3(f) explicitly asserts a claim only against trial counsel. (ECF No. 1 at 26-27).

Finally, Ground 3(g) is a claim of cumulative error. (ECF No. 1 at 27). Ground 3(g) remains viable to the extent of any ineffective assistance of counsel claims that survive the motion to dismiss.

---

[3] While an allegation that counsel failed to familiarize himself with discovery might plausibly be extended to appellate counsel, in the context of petitioner's claim it is clear that his complaint about discovery relates specifically to counsel's failure to bring evidence in the discovery to trial.

[4] In finding the claim cognizable, the court is not holding that the claim is sufficiently specific to warrant relief.

## IV. Motion for Evidentiary Hearing

In his opposition to the motion to dismiss, petitioner requests an evidentiary hearing on his claims. (ECF No. 19). As the respondents have not yet answered the petition on the merits, petitioner's request for an evidentiary hearing is premature. *See* Rule 8(a) of the Rules Governing 28 U.S.C. § 2254. Accordingly, the motion for evidentiary hearing is denied. Petitioner may file a renewed motion for evidentiary hearing in conjunction with, and at the same time as, his reply to the answer.

## V. Conclusion

In accordance with the foregoing, IT IS THEREFORE ORDERED that the respondents' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to dismiss the petition as moot is DENIED;

2. The motion to dismiss the petition as partially unexhausted is DENIED;

3. The motion to dismiss Ground 3 as non-cognizable is GRANTED IN PART as follows: (a) Ground 3(a) is dismissed to the extent it asserts ineffective assistance of appellate counsel; (b) Ground 3(b) is dismissed to the extent it asserts appellate counsel was ineffective for failing to investigate, familiarize himself with discovery, file pretrial motions or "effect a sound strategy"; (c) Ground 3(c) is dismissed to the extent it asserts ineffective assistance of appellate counsel; (d) except to the extent it asserts that appellate counsel was ineffective for failing to challenge on appeal admission of the evidence relating to his accusers, Ground 3(d) is dismissed as to any other claims of ineffective assistance of appellate counsel; and (e) except to the extent it asserts appellate counsel was ineffective for failing to challenge the admission or omission of jury instructions on appeal, Ground 3(e) is dismissed as to any other claims of ineffective assistance of appellate counsel.

. . .

. . .

. . .

. . .

6

IT IS FURTHER ORDERED that respondents will have sixty days from the date of this order within which to file an answer to the surviving claims of the petition. Petitioner will have thirty days from service of the answer within which to file a reply.

DATED June 13, 2019.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE